## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **GREGORY PAUL VIOLETTE,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | Case No. 1:22-cv-00053-JAW |
| | ) | |
| **PEPSI-COLA,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO NOT DISMISS WITH INCORPORATED MEMORANDUM OF LAW

Defendant, PepsiCo, Inc. ("PepsiCo"), by and through its undersigned counsel,

respectfully submits this Opposition to Plaintiff Gregory P. Violette's ("Plaintiff" or "Violette")

Motion To Not Dismiss.

## INTRODUCTION

The Plaintiff's instant Motion To Not Dismiss is an attempt to rehash and reargue the

merits of the Defendant's Motion to Dismiss, the Plaintiff's "Opposition", and the Defendant's

Reply. (Docs. No. 6, 12, & 13). The arguments contained within the Plaintiff 's instant Motion

To Not Dismiss should have been contained in, and been limited to, the Plaintiff's Opposition to

the Defendant's Motion to Dismiss. *See* D. ME Local R. 7(b). However, now, the Plaintiff is

attempting to re-oppose and re-argue the Defendant's Motion to Dismiss, long after the

timeframe to do has passed. *See* D. ME Local R. 7(b). As a result, the Plaintiff's arguments in

its instant Motion To Not Dismiss should be waived or forfeited. *Cf. Sanders v. Village of*

*Dixmoor*, 178 F.3d 869, 870, 1999 U.S. App. LEXIS 9043, *5, 79 Fair Empl. Prac. Cas. (BNA)

1729 (explaining it is "well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal); *see also Hartmann v. Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1212, 1993 U.S. App. LEXIS 29004, *16. Simply put, the Plaintiff's instant Motion is untimely, repetitive and unnecessary. (Doc. No. 14).

## LEGAL STANDARD

Pursuant to the District of Maine Local Rules, a motion "shall incorporate a memorandum of law, including citations and supporting authorities." See D. ME Local R. 7(a). In addition, "[a]ny affidavits and other documents setting forth or evidencing facts on which the motion is based must be filed with the motion." See D. ME Local R. 7(a). Consisting of three paragraphs, and four sentences total, the Plaintiff's instant Motion To Not Dismiss is completely devoid of a memorandum of law, citations, supporting authorities, or any attached affidavits, or documents. (Doc. No. 14); *see* D. ME Local R. 7(a). Based on this alone, the Plaintiff's Motion To Not Dismiss should be denied. *See* D. ME Local R. 7(a).

At the heart of the Plaintiff's Motion To Not Dismiss is the assertion that he has stated a claim upon which relief can be granted and that his opposition was filed timely. However, the essence of these arguments should have been contained in, and been limited to, the Plaintiff's Opposition to the Defendant's Motion to Dismiss. *See* D. ME Local R. 7(b); (Doc. No. 12). The Plaintiff is now attempting to get a "second bite at the apple" by filing the instant Motion To Not Dismiss, attempting to re-argue the Defendant's Motion to Dismiss. (Doc. No. 14). The Plaintiff's arguments in its instant Motion To Not Dismiss should be waived or forfeited. *Cf. Sanders v. Village of Dixmoor*, 178 F.3d 869, 870, 1999 U.S. App. LEXIS 9043, *5, 79 Fair

Empl. Prac. Cas. (BNA) 1729 (explaining it is "well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal); *see also Hartmann v. Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1212, 1993 U.S. App. LEXIS 29004, *16. Simply put, the Plaintiff's instant Motion is untimely, repetitive and unnecessary. (Doc. No. 14).

At the risk of being repetitive, the Plaintiff's Complaint has not stated a claim on which relief can be granted and his opposition was filed a day late. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Fitzgerald v. Polar Corp.*, 2020 U.S. Dist. LEXIS 210157, *7, 2020 WL 6586628. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

Applying this standard, courts in the First Circuit employ a two-step approach in deciding a motion to dismiss. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). First, a court must screen the complaint for statements that "merely offer legal conclusions couched as facts or threadbare recitals of the elements of a cause of action." *Id*. (internal quotations and alterations omitted). Any such statements should be disregarded. *Id*. Second, a

court credits as true all non-conclusory factual allegations and the reasonable inferences that can

be drawn from those allegations, to determine whether the claims is plausible. *Id.*

To survive a motion to dismiss, Plaintiff must allege facts sufficient to show that the

recovery they seek is plausible, not merely conceivable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Twombly*, 550 U.S. at 557; *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1ˢᵗ Cir. 2009).

Mere recitation of the elements of a cause of action and unsupported allegations of an

implausible factual theory are insufficient. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Finally, the fact that the Plaintiff is a *pro se* litigant does not entitle him to different or

relaxed legal and procedural standards. *Philbrick v. Me. Dep't of Health & Human Servs.*, 616

F. Supp. 2d 123, 126 n.3 (D. Me. 2009)("*Pro se* litigants are not excused from complying with

Federal Rules of Civil Procedure or the Local Rules of this district.").

## ARGUMENT

1. **The Complaint Fails To State A Claim For "Product Liability."**

   A. **The Complaint Fails To Allege That The PepsiCo's Soda Is Defective And Unreasonably Dangerous**

Maine law recognizes products liability, which is codified by statute. *See* 14 M.R.S. §

221.  In relevant part, Maine's product liability statute states:

> One who sells any goods or products in a defective condition
> unreasonably dangerous to the user or consumer or to his property is subject to
> liability for physical harm thereby caused to a person whom the manufacturer,
> seller or supplier might reasonably have expected to use, consume or be affected
> by the goods, or to his property, if the seller is engaged in the business of selling
> such a product and it is expected to and does reach the user or consumer without
> significant change in the condition in which it is sold. This section applies
> although the seller has exercised all possible care in the preparation and sale of his
> product and the user or consumer has not bought the product from or entered into
> any contractual relation with the seller.

*See* 14 M.R.S. § 221.

The Law Court has held that no liability will be imposed in a strict liability action unless the product is defective. *See Adams v. Buffalo Forge Co.*, 443 A.2d 932, 940 (Me. 1982) (*noting* that the Maine legislature "formulated our strict liability statute, 14 M.R.S.A. § 221, directly from section 402A of the after Restatement (Second) of Torts"); Restatement (Second) of Torts § 402A; *Bernier v. Raymark Industries, Inc.,* 516 A.2d 534, 537 n.3 (Me. 1986); *Austin v. Raybestos-Manhattan, Inc.,* 471 A.2d 280, 288 (Me. 1984) ("Products placed in commerce are presumed to be reasonably safe.")  The Restatement comments define "[d]efective condition" as a product that is "in a condition not contemplated by the ultimate consumer." Restatement (Second) of Torts § 402A cmt. g.; *Estate of Pinkham v. Cargill, Inc.*, 2012 ME 85, P13, 55 A.3d 1, 6, 2012 Me. LEXIS 86, *11, CCH Prod. Liab. Rep. P18,867.  The comments also define "[u]nreasonably dangerous" as "[t]he article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." *Id.* cmt. i.; *Estate of Pinkham v. Cargill, Inc.*, 2012 ME 85, P13, 55 A.3d 1, 6, 2012 Me. LEXIS 86, *11, CCH Prod. Liab. Rep. P18,867.

The Plaintiff completely failed to allege in his Complaint that PepsiCo's soda is defective or unreasonably dangerous.  *See* Complaint, p. 1-2; *see also Haley v. City of Boston*, 657 f.3d 39, 46 (1st Cir. 2011)(*quoting SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010))("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."); *see also Iqbal*, 556 U.S. 678 (stating that the Court need no accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").  The Plaintiff's Complaint is simply

deficient and cannot survive the fatal flaw of neglecting to allege the Defendant's product was

defective or unreasonably dangerous.  *See Adams v. Buffalo Forge Co.*, 443 A.2d 932, 940 (Me.

1982).  Accordingly, the Plaintiff's Motion To Not Dismiss should be Denied.

### B. The Plaintiff's Complaint Must Be Dismissed Because High Fructose Corn Syrup Is An Inherent And Recognized Ingredient Of PepsiCo's Regular Soda

In Maine, strict liability claims involving food products are analyzed using the

"Reasonable Expectation" Test.  *See Estate of Pinkham v. Cargill, Inc.*, 2012 ME 85, P15, 55

A.3d 1, 6, 2012 Me. LEXIS 86, *13, CCH Prod. Liab. Rep. P18,867.  The Law Court has stated

that the best definition of this tests is: "[t]he reasonable expectation test provides that, regardless

whether a substance in a food product is natural to an ingredient thereof, liability will lie for

injuries caused by the substance where the consumer of the product would not reasonably have

expected to find the substance in the product." *See Estate of Pinkham v. Cargill, Inc.*, 2012 ME

85, P12, 55 A.3d 1, 5, 2012 Me. LEXIS 86, *10, CCH Prod. Liab. Rep. P18,867.

In *Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc.*, a case similar to the instant case

before this Court, the Plaintiff alleged that salmonella in chicken it purchased constituted a

product defect.  *See* 2018 U.S. Dist. LEXIS 129563, *11, 2018 WL 3676839.  The Defendant

moved to dismiss the Plaintiff's Complaint, arguing that it is widely known that Salmonella is

inherent in raw chicken and is eliminated through cooking.  *See Starr Surplus Lines Ins. Co. v.*

*Mountaire Farms Inc.*, 2018 U.S. Dist. LEXIS 129563, *4, 2018 WL 3676839.  In using the

Reasonable Expectation Test, the United States District Court for the District of Maine granted

the Defendant's Motion to Dismiss, holding "'whether a consumer would reasonably expect to

find a particular item in a food product is normally a question of fact that is left to a jury,' 55

A.3d at 7, the reasonable expectations of [the Plaintiff] can be determined as a matter of law

because, as recognized by numerous courts, it is commonly known that Salmonella occurs naturally in chicken and that raw chicken can only be safely consumed after it is cooked at high temperatures." *See Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc.*, 2018 U.S. Dist. LEXIS 129563, *7, 2018 WL 3676839.  The United States Court of Appeals for the First Circuit affirmed the District Court's dismissal of the Plaintiff's strict liability claims because the complaint failed to sufficiently plead facts that the chicken was defective under Maine law.  *See Starr Surplus Lines Ins. Co. v. Mountaire Farms, Inc.*, 920 F.3d 111, 118, 2019 U.S. App. LEXIS 9816, *16.

Similar to the facts in *Starr Surplus Lines Ins. Co.*, it is commonly known in the United States that regular soda contains high fructose corn syrup.  *See In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 654, 2002 U.S. App. LEXIS 11940, *1, 2002-1 Trade Cas. (CCH) P73,711, 58 Fed. R. Evid. Serv. (Callaghan) 933 (*explaining* high fructose corn syrup "is a sweetener manufactured from corn and used in soft drinks and other food products."). Moreover, it is reasonable to infer that the Plaintiff was aware PepsiCo uses high fructose corn syrup in its product because PepsiCo *lists it as an ingredient on its soda bottles*.  *See McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006)(explaining "[w]hen deciding a motion to dismiss, courts must accept as true all well-pleaded facts in the complaint and construe to the plaintiff all reasonable inferences that can be drawn from those facts); *Gallagher v. Penobscot Cmty. Healthcare*, 2017 Me. Super. LEXIS 215, *7.  Much like the chicken products that contained salmonella in *Starr Surplus Lines Ins. Co.*, it is commonly known that regular soda, specifically Pepsi-Cola, contains high fructose corn syrup.  *See Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc.*, 2018 U.S. Dist. LEXIS 129563, *7, 2018 WL 3676839.  Moreover, PepsiCo lists high fructose corn syrup as an ingredient in their Pepsi-Cola product.  Therefore, it is reasonable

that the Plaintiff *would* have expected to find high fructose corn syrup in PepsiCo's regular soda.

Accordingly, the Plaintiff's Motion To Not Dismiss should be Denied.

2. **The Complaint Fails To State A Claim For "False Advertising."**

Maine law does not recognize a common law cause of action for "false advertising,"

which is only cursorily mentioned in the Conclusion section of the Plaintiff's Complaint.

Complaint, p. 2.  Maine's non-recognition of a cause of action for "false advertising" is grounds

for dismissal of the Complaint.  *See Haley v. City of Boston*, 657 F.3d 39, 46 (1ˢᵗ Cir.

2011)(*quoting SEC v. Tambone*, 597 F.3d 436, 442 (1ˢᵗ Cir. 2010))("If the factual allegations in

the complaint are too meager, vague, or conclusory to remove the possibility of relief from the

realm of mere conjecture, the complaint is open to dismissal."); *see also Iqbal*, 556 U.S. 678

(stating that the Court need not accept "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements.").  Defendant should not be forced to speculate what

cause of action Plaintiff may have intended.  Fed. R. Civ. P. 8 "demands more than unadorned,

the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  The Plaintiff's mere

mention, once, of the term "false advertising" in the Conclusion paragraph of its Complaint,

without anything more, is grounds for dismissal of this claim.  *See Haley v. City of Boston*, 657

f.3d 39, 46 (1ˢᵗ Cir. 2011)(*quoting SEC v. Tambone*, 597 F.3d 436, 442 (1ˢᵗ Cir. 2010)); *see also*

*Iqbal*, 556 U.S. 678.  Accordingly, the Plaintiff's Motion To Not Dismiss should be Denied.

3. **The Complaint Fails To State A Claim For Punitive Damages, Attorneys' Fees And Costs.**

The Plaintiff's Complaint requests an award of punitive damages without any

justification or explanation.  To the extent the Plaintiff has intended to assert a claim for punitive

damages, it should be dismissed.  Under Maine law, a punitive damages award must be based

upon underlying tortious conduct, and only upon a showing, by clear and convincing evidence,

that the defendant acted with malice. *Smith v. Coyne*, No. CV-03-405, 2004 WL 1433638, at \*4-5 (Me. Super. Ct. Apr. 12, 2004); *DiPietro v. Boynton*, 628 A.2d 1019, 1025 (Me. 1993); *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). Where Plaintiff failed to allege any facts that that could reasonably be construed to support a finding of actual or implied malice, the Plaintiffs claim for punitive damages should be dismissed.

Plaintiff also seeks an award of attorneys' fees and costs. Complaint, p. 2. Attorneys' fees and costs are generally not recoverable absent statutory authority, contractual agreement of the parties, or some other permissible exception to the general common law "American Rule" prohibiting assessing the losing party in litigation with fees and costs. *Baker v. Manter*, 2001 ME 26, ¶¶ 13-17, 765 A.2d 583, 585-86. Plaintiff has plead none of these in his Complaint, and thus cannot establish entitlement to such relief. Accordingly, the Plaintiff's Motion To Not Dismiss should be Denied.

4. **The Complaint Must Be Dismissed Pursuant To F. R. Civ. P. 12(B)(4) & (5) Because The Process And Service Of Process On It Were Insufficient**

In his Complaint, the Plaintiff incorrectly named "Pepsi-Cola" as the Defendant. *See* Complaint, p. 1. However, "Pepsi-Cola" is the name of a product, not the name of an entity. *See* Complaint, p. 1. PepsiCo, Inc. is an entity incorporated in the State of North Carolina and has a principal place of business in Purchase, New York. *See* Affidavit of Charles S. Biener attached to Defendant's Notice of Removal and incorporated herein by reference. Service of the Complaint on PepsiCo, Inc., naming "Pepsi-Cola" as a Defendant, is insufficient process and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4) & (5); *see also Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. Appx. 688, 691 n.3. (5th Cir. 2008)(*citing* 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353). Accordingly, the Plaintiff's Motion To Not Dismiss should be Denied.

**5.  The Plaintiff Waived His Objection to the Defendant's Motion to Dismiss**

In the instant case, the Defendant filed its Motion to Dismiss with this Court on March 2, 2022.  (Doc. No. 6).  Accordingly, the Plaintiff's Opposition was due on March 23, 2022.  *See* D. Me. Local R. 7(b)(explaining "[u]nless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection.)  On March 24, 2022, *the day after* the opposition deadline, the Plaintiff filed his Opposition[1] to the Defendant's Motion to Dismiss. (Doc. No. 12).

Parties who fail to timely respond to a motion to dismiss in accordance with the Local Rules of the United States District Court waive their right to oppose the motion. *See Hall v. Gonfrade*, No. 93-2368, 1994 U.S. App. LEXIS 27248, 1994 WL 527165, at *1 (1st Cir. 1994); *Lowenstern v. Residential Credit Solutions*, 2013 U.S. Dist. LEXIS 25535, *21, 2013 WL 697108.  When a party fails to file a timely opposition, a court may consider the motion unopposed or the opposition waived and allow the motion. *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7-8 (1st Cir. 2002) (when party fails to file timely opposition, court may consider it unopposed); *see also Cronin v. Commonwealth of Mass.*, Civil Action No. 03-11749-RGS, 2004 U.S. Dist. LEXIS 1496, 2004 WL 224565, at *1 (D. Mass. Feb. 5, 2004) (*granting* motion to dismiss when no opposition filed or extension sought); *Cook v. McLaughlin*, 917 F. Supp. 79, 81 (D. Mass. 1996) (opposition untimely and stricken for not filing in 14 days) (citation omitted).  Therefore, the Plaintiff has waived his right to oppose the Defendant's Motion to Dismiss.  *See id.*  Accordingly, the Plaintiff's Motion To Not Dismiss should be Denied.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court DENY the

---

[1] The Plaintiff titled his "Opposition" as "Plaintiff Motion To Not Dismiss & Remand Case Back To Superior Court."

Plaintiff's Motion To Not Dismiss.


Dated at Saco, Maine this 27th day of April, 2022.


/s/ William J. Gallitto, III
William J. Gallitto, III, Esq.
Bergen & Parkinson, LLC
144 Main Street
Saco, ME 04072
Tel: 207-283-1000.
wgallitto@bergenparkinson.com

*Attorney for Defendant, PepsiCo, Inc.*


## CERTIFICATE OF SERVICE

I certify that on April 27, 2022, I electronically filed the foregoing document using the CM/ECF system and mailed a copy to Plaintiff via U.S. Mail.

Dated: April 27, 2022


/s/ William J. Gallitto, III
William J. Gallitto, III, Esq.
Bergen & Parkinson, LLC
144 Main Street
Saco, ME 04072
Tel: 207-283-1000.
wgallitto@bergenparkinson.com