UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:22-cv-00053-JAW |
| PEPSI-COLA, | ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION
ON MOTION TO REMAND**

Plaintiff asserts claims for product liability and false advertising based on his consumption of Defendant's beverages, which he alleges contain high fructose corn syrup (HFCS) instead of sugar, causing him to experience weight gain, fatigue, and a deterioration of his mental health.  (Complaint, ECF No. 1-1.)  After Plaintiff filed this action in state court, Defendant removed the case to this Court, invoking the Court's diversity jurisdiction. (Notice of Removal, ECF No. 1.)

Following removal, Defendant moved to dismiss Plaintiff's complaint. (Motion, ECF No. 6.)  In response to the motion, Plaintiff filed a motion to remand. (Motion to Remand, ECF No. 12.)  Defendant opposes the motion. (Response to Motion to Remand, ECF No. 13.)

Although Plaintiff moved to remand the case after Defendant filed a motion to dismiss, because the motion to remand implicates the Court's jurisdiction, the Court must consider the motion to remand before it assesses the motion to dismiss.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded."); *Local No. 6, Indus. Union of Marine Shipbuilding Workers of America, AFL-CIO v. Bath Iron Works Corporation*, 617 F. Supp. 1046 (D. Me. 1985 (vacating order granting motion to dismiss and granting motion to remand)).

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant the motion to remand.

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted).

Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity of citizenship is not in dispute.[1] The Court's diversity jurisdiction thus depends on the amount in controversy. *Infinity Real Estate, LLC*

---

[1] Plaintiff lists a Maine address on his complaint. (Complaint at 2.) For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation as well as the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is typically where its corporate headquarters are located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Defendant is an entity incorporated in the State of North Carolina and has a principal place of business in Purchase, New York. (Affidavit of Charles S. Biener ¶ 3, ECF No. 3.)

*v. Deutsche Bank Nat'l Trust Co. for RBSGC 2007-B*, 2:18-cv-00038-JAW, 2018 WL 4204642, at *3 (D. Me. Sept. 4, 2018).

In assessing the amount in controversy, the appropriate measure "is the litigation value of the case, an amount arrived at by drawing all reasonable inference in favor of the Plaintiff's Complaint." *Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004)  "The amount in controversy is determined 'on the basis of the facts and circumstances as of the time that an action … arrives [in federal court] from a state court by way of removal." *Thomas v. Adecco USA, Inc.*, No. 1:13-cv-00070-JAW, 2013 WL 6119073, at *4 (D. Me. Nov. 21, 2013) (quoting 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702.4, at 457-61 (4th ed. 2011)).  The issue in this case is whether Defendant has demonstrated "by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount." *Doughty*, 344 F. Supp. 2d at 219.

Plaintiff alleges that he incurred more than $5,566 in medical and mental health costs, and requests $550,000 in "punitive damages and exemplary damages, [and] pain and suffering damages." (Complaint at 2.)  Plaintiff's demand, however, is not controlling.

Plaintiff's complaint consists of general allegations of harm, without any facts to support a finding that the case has a value within the jurisdictional amount.  For instance, while Plaintiff asserts that he incurred "over $5,566.00 in medical and mental health cost," he does not describe the treatment he received or the conditions for which he received the treatment.  The value of Plaintiff's compensatory damage claim, therefore, is by any objective measure much less than the jurisdictional amount.  Plaintiff's claim for a punitive

damage claim also does not bring Plaintiff's claim within the jurisdictional amount. To prevail on his punitive damage claim, Plaintiff must demonstrate, by clear and convincing evidence, that Defendant alleged conduct was motivated by actual ill will or was so outrageous that malice can be implied. *Weaver v. New England Mut. Life Ins. Co.*, 52 F. Supp. 2d 127, 134 (D. Me. 1999) (citing *Tuttle v. Raymond,* 494 A.2d 1353, 1354 (Me. 1985)). "[I]n computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny ... than a claim for actual damages." *Zahn v. Int'l Paper Co.,* 469 F.2d 1033, 1034 n. 1 (2nd Cir. 1972). Plaintiff has not alleged any facts that would support the finding necessary for him to prevail on a punitive damage claim.

As part of its effort to demonstrate that Plaintiff's claim satisfies the jurisdictional amount, Defendant cites a study of jury verdicts from 1988 to 1997 in product liability cases arising from microbial foodborne illnesses. (Response to Motion to Remand at 5.) Defendant's argument is not persuasive. The Court's assessment is based on the "facts and circumstances" of Plaintiff's case. *Thomas*, 2013 WL 6119073, at *4.

A court may rely on judicial experience and common sense to conclude that a matter does not present a claim of the necessary value. *Roe v. Michelin N.A.*, *Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). In this case, the application of experience and common sense to the facts and circumstances of Plaintiff's case establishes that the amount in controversy does not satisfy the Court's diversity jurisdiction limit. Remand, therefore, is required.[2]

---

[2] Plaintiff filed two other very similar cases in state court, which cases were removed to this Court. (*See Violette v. McKee Foods*, No. 1:21-cv-00292-LEW; *Violette v. Interbake Foods, LLC*, No. 1:22-cv-00052-LEW.) The Court remanded the cases to state court. (*See* No. 1:21-cv-00292-LEW, Order on Motion to Remand, ECF No. 12 (Dec. 20, 2021); No. 1:22-cv-00052-LEW, Order on Motion to Remand, ECF No. 16 (May 19, 2022).)

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant the motion to remand and remand the matter to state court.[3]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of May, 2022.

---

[3] If the Court adopts the recommendation, the other pending motions would remain on the docket for consideration by the state court.